CROWN ELECTRIC ILLUMINATING Co., INC., Respondent, *v.* FRANK CHIARIELLO, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1919.)

Sales — title to goods which have to be manufactured does not pass until delivery and acceptance — contracts — Personal Property Law, § 144(3).

. Where at the time defendant gave an order for certain electric lamps for which special chains had to be made, plaintiff's salesman took some measurements and it was agreed that the lamps should be installed by plaintiff, the rule that the title to goods which have to be manufactured does not pass until delivery and acceptance, applies.

When the order was given, defendant signed two writings — one whereby he agreed to pay $14.50 for each lamp and fixtures, " to be installed for me at my premises," the purchase price after the initial payment to be paid in installments, and in case of defendant's failure to pay any installment, plaintiff had the right to deem the fixtures sold with the right to demand payment in full of the purchase price. The other writing was a bill for the goods charged to the defendant at $10 for each lamp, amounting to $100, and crediting him with six old fixtures at $10, which fixtures were never obtained by the plaintiff. In an action to recover the full amount of the purchase price, the defendant testified that plaintiff's salesman agreed to bring the goods within three weeks after the order was given, and that as he did not, defendant made a purchase elsewhere; it also appeared that two weeks after the order was

given, the salesman called on defendant and was told to come again in a week; that the salesman did so, with the lamps and an electrician to aid in the installation, but defendant refused to take the lamps, saying he could get them cheaper, and the lamps were in the plaintiff's place of business at the time of the trial. *Held,* that plaintiff not having complied with section 144(3) of the Personal Property Law a judgment in its favor for the amount claimed should be reversed and a new trial ordered.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, entered on November 6, 1918, for $163.

Louis O. Bergh, for appellant.

Edward I. Herbst, for respondent.

FINCH, J. One Palakoff, a salesman for the plaintiff, testified in this action that he went to defendant's place of business and took an order for ten electric lamps; that he took measurements and turned in the order and directions for preparing the lamps for installation to the plaintiff and that defendant said he wanted the lamps installed as soon as some repairs then being done by defendant in his store were completed. About two weeks later he called on defendant in his store and was told to come again in a week. In a week he returned with the lamps and an electrician to aid in the installation and defendant refused to take the lamps, saying " he could get them cheaper." He took the lamps and fixtures back to plaintiff and they were in plaintiff's place of business at the time of the trial. When the order for the lamps was given, the defendant signed two instruments in writing. One stated, in substance, that the subscriber promised and agreed to pay the sum of $145 for ten electric lamps and fixtures at $14.50 each lamp " to be installed for me at my premises — the sum of $15.00 as first payment and the balance $2.50 weekly until the sum of

$145.00 was fully paid.'' It also provided that if the subscriber failed to pay any installment the company shall have the right to deem the fixtures sold and have the right to demand pay for the entire amount agreed upon.

The second writing was a bill for the goods charged to the defendant at the price of $10 for each lamp amounting to $100, and crediting him with six old fixtures at the sum of $10, leaving a balance due the plaintiff of $90. One of these statements set forth the price in the event of cash being paid, and the other of payments by small weekly installments. The old fixtures were never obtained by the plaintiff. Upon the trial the defendant appeared without an attorney, and testified that the plaintiff's salesman agreed to bring the goods within three weeks after the order was given, and that as he did not appear within that time, defendant purchased them in another place. Upon this testimony the court below gave the plaintiff a judgment for the sum of $145, and the defendant appeals.

It does not directly appear that these lamps were to be manufactured, but it does appear that when the order was given the salesman took some measurements, and that special chains had to be made for them, and that the agreement was that they should be installed by the plaintiff, so that the rule that, as to goods which have to be manufactured, title does not pass until delivery and acceptance, applies here. Subdivision 3 of section 144 of the Personal Property Law is a substitute for the common law of this state (*Mosler Safe Co.* v. *Brenner,* 100 Misc. Rep. 107), and reads as follows: ''Although the property in the goods has not passed, if they cannot readily be resold for a reasonable price, and if the provisions of section one hundred and forty-five are not applicable, the seller may offer to deliver the goods to the buyer, and if the

buyer refuses to receive them, may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer.''

In this case the goods were refused by the buyer, but it does not appear that any notice that the goods would be held by the seller was actually given, and even if one could be implied from the acts of the parties, nevertheless, there is nothing to show that the goods could not be resold at a reasonable price, and the case does not come within the provisions of section 145 of the Personal Property Law. The judgment as rendered therefore allows the plaintiff to recover for the amount charged for installation where none was made and also allows the plaintiff to have the fixtures and at the same time recover their full value. In so doing, the result is that the plaintiff profits largely at the expense of the defendant. This result is wisely prevented by the provisions of the Sales Goods Act which were enacted to meet just such a situation as is here presented.

LEHMAN and WEEKS, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.